## No. 6590.

SUCCESSION OF L. F. GENERES.     OPPOSITION OF A. F. HICKMAN.

A judgment for a sum due for a salary is exempt from seizure equally as well as the claim was before judgment, and this exemption continues in favor of a donee. of such judgment if he has been subrogated to the right of the plaintiff in judgment, his donor, by order of court upon proof offered, and notice thereof was given to the judgment debtor prior to the seizure of the judgment.

APPEAL from the Second District Court of New Orleans.     TISSOT, J.

*Clarke, Bayne & Renshaw* for Executors.     *Walsh* for Donees. *Seghers* for Opponent and Appellant.

EGAN, J.     The motion to dismiss appeal must be overruled for the same reasons stated by this court in the judgment or *mandamus* to compel appeal in this case.     The chief contest is as to the ownership of and consequent right to demand and receive from the succession the amount of a judgment for $216.75 for salary or personal services obtained against the succession by Henry Generes, and by him donated to his daughters Henrietta and Marsolina Generes, who upon proof of the donation, were subrogated to the rights of the donor by order of the Second District Court of the Parish of Orleans, after notice to the representatives of the succession.

Hickman claims to have purchased the judgment debt under *fieri facias* against Henry Generes issued upon a judgment in his own favor.     The debt attempted to be thus seized and sold was exempt from seizure by law.     The fact that judgment was obtained to enforce it does not change the exemption.     It is also shown that the judgment was transferred, and notice of the transfer was given prior to Hickman's seizure.     The judgment below was against him, and is affirmed.